**TEXAS WORKERS' COMPENSATION COMMISSION, Appellant,**

v.

**Nancy FLURRY, Appellee.**

No. 01–94–00226–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 21, 1995.

Rehearing Overruled Oct. 26, 1995.

Dan Morales, Jorge Vega, Delmar Cain & Harry Deckard, Austin, for appellant.

---

Edward Conley, Houston, for appellee.

Before HEDGES, COHEN and TAFT, JJ.

## OPINION

HEDGES, Justice.

In this case we are presented with the issue whether attorney's fees are properly awarded from a recovery paid to the Subsequent Injury Fund under the "new law" workers' compensation scheme. We hold that such an award is improper.

Appellee Nancy Flurry brought a claim with the Texas Workers' Compensation Commission (the "Commission") against Service Lloyds Insurance Company ("Lloyds") for workers' compensation benefits resulting from the death of her common-law husband, Kenneth Flurry. She was awarded benefits at the benefits review conference, and the award was confirmed at the contested case hearing by the appeals panel. In Appeals Panel Decision No. 92324, the Commission found that Kenneth Flurry was acting in the course and scope of his employment at the time of his fatal accident and that as his common law spouse at the time of his death, appellee was his legal beneficiary. She was awarded $110,065.02 in death benefits.

Lloyds sued appellee in district court to set aside the Commission award. The Commission intervened in the suit "to show the Court and the jury that the decision of the [Commission] Appeals Panel is correct and should be upheld by this Court." In its prayer for relief, the Commission asked that the trial court affirm the final decision of the appeals panel. The jury found that Kenneth Flurry was acting in the course and scope of his employment at the time of his death. It also found, however, that appellee was not the common-law spouse of Kenneth Flurry at the time of his death, and therefore was not his legal beneficiary.

Section 408.182(e) of the Workers' Compensation Act provides that, "If an employee is not survived by legal beneficiaries, the death benefits shall be paid to the subsequent injury fund under Section 403.007." TEX.LAB.CODE ANN. § 408.182(e) (Vernon Pamp.1995). Accordingly, the trial court entered judgment that the Commission Subsequent Injury Fund recover $110,065.02 from Lloyds. The judgment also awarded attorney's fees to appellee's attorney in the amount of $27,516.25, which represents 25 per cent of the Fund's recovery. The Commission appealed the attorney's fees award. Because we agree that the award was improper, we reverse and render.

## Award of Attorney's Fees

In point of error one, appellant contends that the trial court erred in awarding attorney's fees to appellee's attorney because there is no authority that would allow attorney's fees to be paid from the Subsequent Injury Fund where the claimant was unsuccessful in defending a death benefits claim. A court may not award attorney's fees to be paid from a claimant's recovery absent either statutory or constitutional authority or agreement of the parties. TEX.CIV.PRAC. & REM.CODE ANN. §§ 38.001–38.006 (Vernon Supp.1995).

Section 408.221(a) of the Workers' Compensation Act provides that "[a]n attorney's fee, including a contingency fee, for representing a claimant before the commission or court under this subtitle must be approved by the commission or the court." Subsection (b) provides in part that "the attorney's fee shall be paid from the claimant's recovery." TEX.LAB.CODE ANN. § 408.221(a), (b) (Vernon Pamp.1995). Appellee argues that the Subsequent Injury Fund is a claimant under this section, and therefore, attorney's fees are properly paid from its recovery. We disagree.

We do not believe that the Subsequent Injury Fund is a claimant for purposes of section 408.221. The Fund's only interest in its intervention was the protection of the recovery awarded to appellee by the Commission. The Fund never claimed any recovery through its intervention. In fact, such a claim would have been directly contrary to the position it took in intervention. The Fund is not defined as a legal beneficiary, but rather as a recipient of compensable funds in default of a legal beneficiary. TEX. LAB.CODE ANN. § 403.007(a) (Vernon Pamp. 1995). If the Fund is not a claimant, section 408.221(b) does not provide authority for

payment of attorney's fees out of its recovery.

We believe that section 408.221 contemplates payment of attorney's fees from *appellee's* recovery, if any. There is no basis to believe that the Legislature intended that an attorney be paid fees when his or her own client does not prevail.

We reverse the judgment of the trial court insofar as it awards attorney's fees to appellee's attorney and render judgment that no attorney's fees be awarded to appellee's attorney.